UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| THREE HUNDRED NINETY THOUSAND, EIGHT HUNDRED AND NINETY DOLLARS IN U.S. CURRENCY ($390,890.00), | ) ) ) ) |
| Defendant. | ) ) |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay McClure-Hartman, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

### NATURE OF THE ACTION

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant to Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about March 4, 2019, and is described more fully as three hundred ninety thousand, eight hundred and ninety dollars in U.S. currency ($390,890.00) (the "defendant property").

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that

the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

11. On March 4, 2019, Ivan Ulloa ("Ivan") and George Ulloa ("George") were travelling in a black 2018 Toyota Tacoma pick-up truck (the "Tacoma") headed west on Interstate 44 within the Eastern District of Missouri. Ivan was driving the vehicle and George was in the front passenger seat.

12. At approximately 1:35 pm, law enforcement officers conducted a valid traffic stop of the Tacoma near the 186 mile marker on Interstate 44.

13. Officers approached the Tacoma and made contact with the driver, Ivan. Ivan provided a driver's license from the state of Arizona. He stated he has a house in Arizona, but he actually resides in Ohio. He also stated the truck belonged to his wife.

3

14. Ivan agreed to accompany the officer to the patrol car for a records check. Ivan stated he had just flown in and was on his way to Oklahoma City with his son, George. He said they were going to visit his son's family, but was unable to provide any names, stating they were on his wife's side of the family.

15. Ivan then stated he was travelling to Arizona after Oklahoma City.
Ivan also stated they might attend a NBA basketball game in Oklahoma City. He said they didn't have tickets, but might attend on Wednesday. Ivan could not provide the name of the NBA team.

16. The officer went back to the Tacoma and spoke with George, who was seated in the front passenger seat. He asked George about their travel plans and George stated they were going to Oklahoma City. The officer asked if they were going to visit family and George said they were not. The officer asked the purpose of the trip and George stated it was to spend time with his father. He said they were going to do some sightseeing.

17. The officer went back to his patrol vehicle and asked Ivan if there was anything illegal in the Tacoma, including large amounts of U.S. Currency. Ivan laughed and said no. He invited the officer to search the vehicle, even offering to remove a mattress in the bed of the truck.

18. The officer then approached George, who was still in the Tacoma. He told George that Ivan had given him permission to search the truck. George stated that was fine and started to reach for a coat. The officer told George to stay seated and he would search the rear of the Tacoma first.

19. The officer asked George if there were any large amounts of U.S. Currency in the vehicle. George patted the front pockets of his pants and stated he had several hundred dollars for the trip. The officer explained to George that it was not illegal to have large amounts of U.S. Currency unless it was connected to illegal activity. The officer noticed George turn pale and softly

4

respond "no." George then asked if he should step out of the Tacoma. The officer told George to stay in the front passenger seat.

20. The officer opened the rear side passenger door and began looking through the items while still talking to George. The officer grabbed a carry-on bag behind the driver's seat and asked George who it belonged to. George stated it was his. The officer inspected the contents of the bag. The officer then reached for a bag tucked between the rear seat and the driver's seat. It was a high end Louis Vuitton bag and the office was unable to lift it because it was too heavy. The officer asked who owned the bag. George stated it was his and then turned, facing forward. The officer asked George if there was any currency in the bag and George said no. The officer then reached into the bag, discovering bundles of U.S. Currency.

21. The U.S. Currency was located in the bag under clothing. The officer asked George to step out of the car and follow him to his patrol car. The officer then asked Ivan and George about the U.S. Currency and they both stated they did not know anything about the "cash." The officer reminded George he had stated the bag with the U.S. Currency was his. George nodded his head yes, stated the U.S. Currency was his and said the amount was $390,000.00.

22. The officer asked about the currency and George stated he had been saving the money for years and was on his way to pay off a business transaction to a construction company that was building a large warehouse. The officer asked for proof of this transaction. George stated he had all of it and began searching through his phone. George showed the officer an email that included a contract with a construction company with an amount over $600,000.00.

23. The officer then asked George for documentation showing how he obtained such a large amount of U.S. Currency. George stated he did have it and the officer asked if he could view it. George then changed his story and said he had been saving up his money for years to buy a

5

home healthcare facility.

24. The traffic stop was moved to the Sheriff's Department for further investigation and to verify the large amount of currency.

25. Upon arrival, the officer investigated the Louis Vuitton bag further. He discovered multiple bundles of U.S. Currency and a vacuum-sealed package of U.S. Currency marked "$20,000.00." The officer asked George about the vacuum-sealed currency. George stated he wasn't sure who packaged it, but then stated he had done it.

26. The officer questioned Ivan about the U.S. Currency and he stated he had no idea why his son (George) had so much cash and he did not know what his son did for a living.

27. The officer then searched the vehicle and discovered a black Gucci bag. Two containers were located inside the bag and they contained three rolled marijuana "joints" each. The officer asked about the marijuana. George stated it was his and that Ivan did not know about it.

28. A trained, certified and reliable drug detection canine was deployed for a discretionary sniff of the defendant property. The canine gave an affirmative response to the presence of a controlled substance on the defendant property. This discretionary sniff on the defendant property was done separately from the marijuana "joints."

29. The official count of the U.S. Currency was $390,890.00, consisting of mainly $20 bills.

## *COUNT ONE – FORFEITURE*
## 21 U.S.C. § 881(a)(6)

30. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 29 above as if fully set forth herein.

6

31. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, some vacuum-sealed, in a manner that is consistent with drug trafficking. In addition, the defendant property was found concealed in a large bag in the rear seat of a vehicle occupied by Ivan and George Ulloa, who originally denied the possession of any large amounts of U.S. Currency. Also, a trained, certified and reliable narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

32. Based on the foregoing, the defendant property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

### *COUNT TWO – FORFEITURE*
### **18 U.S.C. § 981(a)(1)(A)**

33. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 29 above as if fully set forth herein.

34. The defendant property is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

35. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

### *COUNT THREE – FORFEITURE*
### **18 U.S.C. § 981(a)(1)(C)**

36. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 29 above as if fully set forth herein.

37. The defendant property is proceeds of an unlawful activity involving controlled substances that travelled in interstate commerce with the intent to distribute it, and otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

38. Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Lindsay McClure-Hartman*
LINDSAY MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, Michael T. Gilyon, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. ' 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __8-27-19__
    (date)

_____
MICHAEL T. GILYON
Task Force Officer
Drug Enforcement Administration

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$390,890.00 U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Lindsay McClure-Hartman
U. S. Attorney's Office

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
21 USC 881; 18 USC 981

Brief description of cause:
Forfeiture of $390,890.00 U.S. Currency

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 08/27/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Lindsay McClure-Hartman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA

                        , )
         plaintiff, )
                          )
    v.                   )   Case No.
$390,890.00 U.S. Currency    )
                     , )
        defendant.    )

## ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

\_\_\_\_THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____ AND ASSIGNED TO THE HONORABLE JUDGE_____.

✓ NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 8/27/2019

/s/ Lindsay McClure-Hartman
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| THREE HUNDRED NINETY | ) |
| THOUSAND, EIGHT HUNDRED AND | ) |
| NINETY DOLLARS IN U.S. | ) |
| CURRENCY ($390,890.00), | ) |
| | ) |
| Defendant. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on August 27, 2019, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

GREGORY J. LINHARES, CLERK
United States District Court

By: _____
Deputy Clerk

Date: _____